Good morning, Your Honors. May it please the Court, Timothy O'Donnell on behalf of Alisha Silbaugh and I'd like to reserve three minutes of time for rebuttal. Okay. Alisha Silbaugh satisfied the requirements for a relation back in this case. First, it should be noted that Rule 15 C2 is not the exclusive means that means for relation back to apply to Secretary Chao. Isn't it your best means? I mean, isn't that your best argument that C2 was satisfied here? We would say that either of them, we satisfied either of them. Why do you think C1, I guess, is better for you than C2? I think they're equally as good actually. The in sub I, 15, little c, 1, big c, sub I, the government via the U.S. Attorney's Office received notice of the action within the 90 days of filing the action. The C1 problem, I mean, they have different problems. The C1 problem is that the U.S. Attorney received notice and the FAA received notice, but Chao didn't, so you have to get from FAA to Chao. You know, maybe that should be pretty easy because after all, it's her agency and after all, she doesn't really read the complaints anyway. It's silly, but that's your problem. And then the other one, the problem is that one doesn't speak in terms of notice. So you have to get from process to notice essentially. So I think that's where your focus should be. C1 talks about notice, not process. Right, and C2 has the right person being served, but you have the process problem. We would say that for in terms of serving Secretary Chao, Rule 4 says that the U.S. Attorney's Office is the agent for service of process for any government official. It does. And therefore, she was served via the U.S. Attorney's Office. Let's just, can we just start, walk through your argument with C2 because I frankly just, I'm not persuaded by what you have to say on C1, so I, and you can turn to it later, but I just, start with what I think at least is your strongest argument and just walk me through how you think you win there. Okay. The U.S. Attorney's Office and the Attorney General were both served. They were served with a summons. They were served with a complaint, both within the 90-day period. Is there any definition of the word process anywhere in the rules? I don't believe so, Your Honor. Okay. In this case though, the whole point of a summons is to give notice. The summons here had a case name, it had a case number, and it had with it, a complaint. That was sufficient to put the government on notice that a lawsuit had been filed. And indeed, we would even point out that it was e-filed and it had the e-filing header on the complaint itself. Let me ask you about the e-filing because this is long after my day as a practitioner, which is the defect that's alleged that starts all the problem is it's not signed and sealed by the clerk. Can you tell me, A, why it wasn't, or is there a process for an electronic signing and sealing, or do you still have to walk down to the courthouse and hand something over to somebody at the desk? My understanding is you have to request it, and then you serve the complaint, and then sometime later, usually the same day, you'll get certified copies via email or a link to them containing the sign. And so what happened here? You just didn't request it? That's my understanding, Your Honor. But, so in that context, is signed actually signed? In other words, because you're doing it electronically now, is anything actually ever signed? Well, you get an electronic signature. You get an electronic signature, not just a piece of paper. A human being does not physically take pen to paper. But somehow you didn't, you, whoever, I don't know who the lawyer was, you didn't ask for that, and that's why they went ahead and sent the unsigned summons. Is that what happened? There's no, there's nothing in the record, Your Honor, that talks about why. Or that, or the form of it. But it was, was it a piece of paper? Was it electronic? What was served? A piece of paper that had been... Not electronically? It was served on them by mail and... By mail, okay. Yeah, a piece of paper, yes. Yeah, it's just that that piece of paper did not have either a physical signature or an electronic signature. That is, you can get, you can get a piece of paper from judges or governments or whatever that has things on it that counts as an electronic signature. Correct. But that didn't happen here. Yes, Your Honor, that is correct. So, so is your, so is your, just to be specific about your argument, and I must say this is all angels dancing on heads of pins, but is it, is it that this was, was processed because there's no definition of process and a summons and a complaint whether the summons is signed or isn't is still processed? Yes. Or is your argument that whether it's processed or not, it was at least noticed and that's really all you really need? It is processed because the summons gave notice. Notice of what is required? Notice of the lawsuit, that a lawsuit has been filed. And therefore, the summons, the physical summons does not have to meet every jot and tittle of how a summons is, summons is defined in a direct place. Correct. The process is not defined. That is correct. So that's, that's the way you, you would get into to that argument. Correct. The, the general notice provision, again, the argument is that there was no prejudice because Chau never does anything and the U.S. attorney and the FAA knew it and should have known in a bureaucratic sense that you'd made a mistake. That's correct. That's kind of the argument on that one. Is that, is that sort of fair? Let me ask you, you, you had said though, you had this other argument in your brief at page 24, which says we have time to cure your failure to serve a person. And you said something like service on an officer is service on Chau, on the U.S., well, service on the U.S. attorney. But if you're looking, and I think you cite I little or I too, and the way I read it, it says to serve a U.S. officer sued only in an official capacity, that's Chau, a party must serve the United States and also send a copy to the officer. And I didn't think you had done that. We had, we did not do that, Your Honor. Okay. So then you can't succeed under I too because you didn't do that. So, just because that was like the third string to your bow from the brief. And I'm just saying you really didn't do that. You've got these other two left. We didn't, yes. Okay. So, back to the other two, anything? I would like to just point out that that lack of a clerk signature is a technical defect that doesn't merit dismissal. There are other Ninth Circuit cases that talk about technical defects in a summons that doesn't justify. But sometimes they do talk about dismissal. This is about relation back. Well, it's dismissal through relation, because the court said we didn't have relation back based on a technical defect in the summons. Yes, but what I'm saying is the dismissal cases, as I understand it, are somewhat all over the lot. There are cases in which there are dismissals on pretty technical grounds, including, I mean, my understanding is that on a technical basis like this, there would be a dismissal, but with ability to refile, right? And that's the question. Then the question is relation back. Then we're back to relation back. Right. I thought the law was quite to the contrary. Just under Rule 4, I thought if you served a summons and complaint, but the summons had some technical defect like this, it was still valid service. You don't have to serve a summons. It's still valid. And indeed, Rule 4 allows for an amended summons to be issued by the court, which means that you can correct any defect in the summons itself. Again, Your Honors, the technical defect cases, they all say that the technical defect cases, they all say that there's no, that you shouldn't dismiss unless there is prejudice to the other side. And here, there's nothing in the record that would amount to any prejudice. Unless the court has any other questions for me on this, I'd like to reserve the balance of my time. Good morning, Your Honors, and may it please the Court. I'm Teal Miller on behalf of Secretary Chau. As the Court's questions on colloquy with opposing counsel recognize the dispositive question here is whether there's relation back for the amended complaint under Rule 15c. And Rule 15c2 is really a definitional provision of what notice means when the United States is involved. Are you suggesting that C-1 can also apply? I'm suggesting that C-1 can apply in the case of notice to the Secretary. But when you're talking about imputation, when you're asking can we impute notice to an officer of the United States who was not actually served, and they just conceded that they didn't actually. It's extremely divorced from reality in that Secretary Chau is never going to see this piece of paper, no matter what. Your Honor, that would be true in any official capacity suit, and 4I-2. Right, exactly. So therefore, to worry about whether she herself has notice is extremely silly. And that's why there's a special provision in 4I-2 for serving Federal officers in official capacity, and in 15c2 defining what notice means in the case of a suit against the United States or an officer of the United States. But here we have a situation in which her agency did have notice at the requisite time. Her FAA received notice from the U.S. Attorney's Office that an unsigned summons and complaint had been served. But they had notice of the complaint and of the existence of the lawsuit. Complaint was signed. Yes, but 15c2, which is entitled Notice to the United States, is a definitional section and this Court's decision in Allen explains that c2, at that point it was the last sentence in 15c, but the same language has been moved, was moved in an amendment to c2, is a definitional section that tells us how we read notice when we impute notice to an officer of the United States when that officer didn't receive notice. And it says we do it when basically one of the three ways you have to serve an officer of the United States under 4i2 is satisfied. And that would suggest that in figuring out what is process under c2, you pay some attention to whether it provided notice, which it did. In figuring out what is process, you look to the definition of process, the understanding of process reflected in the rules. Your brief at 24 says 4a1f defines process, but it doesn't really. If you look at 4a1f, it does not say we are defining process, does it? By negative implication, it refers to service and so rule 4. All it says is that a summons must be signed by the clerk. If it was going to, I mean, you always want more words, but it doesn't say anything like process is defined as a proper summons under such and such, right? If you look at the combination of rule 4 and rule 4.1, which is other forms of process, by implication taken together, we know 4 is sort of the normal meaning of process and 4.1. Usually you look for definitions where it says A is defined as B. You don't usually get a definition by negative implication, do you? In the rules and sort of common understanding of a term like process, I think what we would look at is Black's Law Dictionary, we would look at the Supreme Court statement in Volkswagen Works, which is at 486 U.S. 694. But there was a summons. It may not have been a valid summons, but there was a summons. There was not a summons. It was unsigned. But they didn't move. Well, there was a piece of paper that called itself a summons. That's right. But I could drop a piece of paper and call it a summons if I wanted to. If you look at the docket. It was a defective summons. Would it have supported a dismissal of the case, the fact that it wasn't signed? Yes. Absolutely. If you look at the requirements for summons under 4A, it must be signed. We have a lot of cases, I thought, that said in just forget about the relation back context, just somebody needs to serve within the time in 4M. And they serve a summons with some technical defect as well as the complaint. And it turns out after that 90-day period has run that this defect has brought to their attention. I thought we had plenty of cases that said, no, you don't dismiss the action in that context. You give them lead to fix it. But here, plaintiffs never asked. When we alerted them to the fact that the summons. I thought our cases said, I don't even know if you need to fix it. I thought our cases said we overlook the defect unless there was prejudice to the other side. And there's no prejudice here to the government. Well, at this point, the operative complaint is the amended complaint. And it needs to relate back to something. And there's nothing for it to relate back to because there was no notice. Help me here. When you said we told them to fix it and they didn't fix it. I thought they then did provide a signed summons. Correct me if I'm wrong. I thought you said you give us a signed summons and we will answer within 60 days. Am I misreading that? You're misreading it just slightly. We said your summons is unsigned. So you haven't perfected service. If you perfect service, we will answer. And they did. Is that what you said in so many words? Yes. That is what we said. That is what we said. If you perfect service. I thought two days later they did. I'm not sure if we used the word perfect, but you said if you serve. We didn't alert them to how they would have to do it. But at that point, what they needed to do, they were out of time to file a signed summons. They needed to move the court under 4M for time to amend and get a signed summons. So just to be fair then, you said if you service, we'll answer. Yes. And they did what they thought was service. That is, they provided a signed summons and complaint, right? Yes. But that summons was signed out of time. You said ha ha. You didn't. We didn't say ha ha because we didn't sandbag that. Afterwards, when you went into court and said, you know, we want to dismiss the case, that's sort of like ha ha, isn't it? In all seriousness, Your Honor, I think in hindsight, it's easy to see it as sandbagging. But at the time that we alerted them to this, we didn't know what they would do. I'm sorry. I don't know what that means. At the time we said to them, you haven't. Presumably, they would have done what you told them to do, which is what they did, give you a signed summons. You might have thought they might have done 4A-2 correctly. So maybe they would have moved the court to ask for more time and we would have opposed it and said you haven't shown a basis for it. Maybe they would have named the right defendant. They were suing. There's another gap here, too, which is that when the U.S. Attorney and the FAA originally got the unsigned summons, they could have gone at that point within the time period and said this is unsigned. But they didn't do that. Well, Your Honor, we also could have done absolutely nothing and waited for them to move for a default and put them in a much worse position, right? There wasn't a lawsuit against us without a signed summons. So we could have waited for, you know, a year and they could have moved for a default judgment and then at that point we would have said. I think your premise is just wrong. I don't – there is a lawsuit and I don't think you would be entitled to dismissal on the basis that the summons wasn't signed unless you could show prejudice. Under 12B, under 12B, a defective service is a basis for dismissal. Right. And I think we have cases that say that we overlook those kinds of technical defects unless there's some prejudice to the other side. Don't we have that in the Rule 4 context? Yes. I thought we had a thousand cases that say exactly that in the Rule 4 context. I think that's right. But when you're asking for relation back on the basis – I'm shifting ground a little bit here. Yeah, no. I know we're in a different context. Yeah. So is there some reason why the rule 4 wouldn't apply in this context? Yes. Because Rule 15C2 is very liberal with respect to meeting the requirements of – or sort of, excuse me, very liberal with respect to allowing relation back against the United States court officer, so long as you satisfy one of three different ways that you're required to require. But your only problem with what they did is not the ways. It's whether this is processed, right? That's right. But this Court has also – Wait a minute. Just a minute. And if this process, what they served, was enough to preserve the lawsuit had it been done timely, why isn't the defective summons and the complaint, then why isn't it Well, so I think it's not right to see a signed summons as a triviality. Because from the point of view of the clerical court or the district court But that's not what I'm asking you. I'm asking you if it was not – if within the scope of Rule 4, what they gave you would  Isn't that because it is, quote, process-sufficient to preserve – to keep you from dismissing the lawsuit? And therefore, if it's enough to keep the case in court at that point, why isn't it process-sufficient for 15c2? I think it would – if we had opposed a motion to amend to fix the problem with the summons, the summons gives the court – there's a Third Circuit case that says the summons gives the court jurisdiction over the suit. You can file a complaint – electronically, you file your complaint, and once you pay your fee, then you move the court to issue a signed summons. And if you are a defendant and you are handed a piece of paper that looks like a complaint and handed a piece of paper that looks like a summons but it's unsigned, you don't know whether there's really a suit against you or whether someone's trying to make it appear as though there's a suit against you. It has significance. But you're not responding to the question. But do you agree with Judge Watford that if that's what happened, that the suit would not have been dismissed at the outset if they had – even outside the 90-day period we're now going to give you a signed summons? I believe they would have asked the court – they would have had to ask the court for leave to amend their summons. And there is a provision in Rule 4A – I think it's 4A2 that says amendment of summons, and they would have had to ask the court. But all – I guess what I'm trying to make sure I understand your argument, because maybe I'm wrong on the first part. But I thought that we had cases in which this same kind of thing played out. Somebody served a defective summons, but the person got notice. They knew all about it. We get into court, and now we're outside the 90-day period. And someone says for the first time, hey, this thing was defective, and I want the suit thrown out. And I thought the courts consistently said, no, that is not a basis for terminating the lawsuit because we're all here. You got notice. There's no prejudice. So we go forward. We'll overlook that technical defect. If that is true, then I still don't think you've answered Judge Berzon's question, which is my question. How can that not count as process for purposes of 15c2? So in frankness, I don't know the answer to the question, is there – are there cases which say we'll overlook it? What I do know is that there is a motion that can be made under 12b4, and courts probably very typically do allow – do excuse the defect and allow parties to fix it. But here they never asked to fix it. And that, I think, is relevant and makes us – puts us in a different position under c2. And I think this court's decisions in Allen and Miles compel that conclusion. They compel that reading of c2, that you have to – when courts overlook it, it's because someone has raised it and the other side has said you should excuse this. And here we raised it informally, and they didn't ask for excuse. They just got a late signed summons, gave it to us, and then immediately filed a new complaint so that the complaint for which they have the late filed summons is no longer the operative complaint and they can no longer fix it. Was there any difference between the two substantively? The two complaints? Yeah. Yes. Not only they named the Secretary of Transportation in the second one, but they dropped some state law claims and they dropped the – an individual defendant who had worked at the FAA. Can you remind me? I thought that they did ask the district court for some more time to do something or other, but – and the court said no, and I can't remember what it was now. So they asked for more time with respect to the amended complaint. They have never moved – as I'm – they never moved for more time with respect to the original complaint and the service of summons. They asked later, oh, please excuse all of this under Rule 4m, and the court said there isn't good cause, this was a pleading requirement that you didn't meet, and this is just garden variety neglect. So – okay, just so I'm clear, so you're saying if at that point instead of asking for this thing with respect to the amended complaint, if they had instead asked the district court, hey, can you now, even though we're way down the road, allow us to amend this defective summons we sent them way back then, then there would be no basis for dismissal? No. I'm saying that if they – once they filed the amended complaint, they couldn't go back and fix the original complaint. So they had to ask to fix the original complaint before seeking to amend it. Okay. It's a technical position, Your Honor, no doubt, but I think that's what C-2 requires. And C-2 gives, as I've said, it's very generous about relation back in an official capacity suit, but it does say you have to satisfy the notice requirements of 4i. And Allen and Miles, the court's decisions in those cases make that abundantly clear that C-2 is a definitional position. And under 4i is the only hurdle they failed there was sending a copy to Chau, even though they did exactly what it says in terms of serving the U.S. and serving either the U.S. attorney or the attorney general. No, Your Honor, because they didn't – the original complaint was not served because they sent us an unsigned summons. So when it says the court must allow a reasonable – allow a party a reasonable time to cure its failure to serve Chau if the party has served, and you say, uh-uh, no, you didn't serve us because you didn't send us the right thing. Yes. And again, 4i.4, which is, you know, a special rule of getting extra time when you're You've got to abide by 4i.2. I ask you this going back to the question of what is process. You were saying, well, we should look at this, we should look at that. And you mentioned Blacks. I didn't see you citing it. Have you looked at Blacks and see what Blacks says about process? I've looked at a Supreme Court decision called Volkswagen Works, which is called – which is at 486 U.S. 694, which says – which cites Blacks, I believe, and says – yeah, it does cite Blacks. And it says, service of process has a well-established technical meaning. It refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action. And of course, with an unsigned summons, you don't know, as a defendant, whether you've actually been sued or whether, you know, someone's trying to get you to the table or – it is not uncommon for people to hand papers to government officials and even private individuals and call them a lawsuit when they're not. And the signature on the summons in the Third Circuit has a decision that says – is actually significant from the point of view of the district court and the point of view of the defendant, because it tells you this is really a lawsuit. But the Third Circuit, as far as you know, have any case law on the question that we're – we've been assuming the answer to but don't know, that is, whether there – an unsigned summons would lead to dismissal as opposed to an opportunity to – it would lead to a quash the summons, but would it lead to dismissal? Is there – there's a lot of district court case law. Is there any Ninth Circuit case law? I am not aware of any. I do think it's the case that the presence of 12b-4, which says you may move on this basis, but also says you can waive if you don't move on this basis, suggests that if you do move on this basis, the court should grant it without prejudice. But if you're out of time – Do you grant the motion to dismiss? Yes, without prejudice to the plaintiff. But many district courts, as I understand it here, have quashed the summons but not granted the motion to dismiss. So if you quash the summons, then the question is what happens when there's a complaint but no operative summons, and if you're out of time, if you're out of the limitations period – You give them the time to re-serve the summons. But if you're out of the limitations period for service – the limitations period plus the period for service, right? So it's 4 a.m. is 90 days, and then more time if you want to. A district court in those circumstances absolutely could give more time. But the district court here in its discretion, they never asked it to. But – and their failure to ask it to, we don't know what would have happened if when we alerted them, hey, you didn't sign the summons, if they had gone to the district court and said, we're out of time to serve the summons, please extend our time under 4 a.m. I'm confused. I thought you never said that except with regard to the new complaint. No, we said it with respect to the original complaint. After the – so on – You said when you did was you said service – if you service, and they thought they served you, but again, they didn't serve you right in your view. Correct. We said – so the period – The first one they did wrong, they were timely, but they didn't have the signature. The second time, they had the signature, but now they were out of time. But they were out of time, and they didn't ask. I mean, I think in this case we would be in a different situation if they had gone to the district court and said under 4 a.m., please give us more time to serve, and then completed service. But they did ask for more time about something, and the district court said, no, there wasn't good cause. That's right. They asked for more time under – under – with respect to the amended complaint. But they have to ask for more time with respect to serving the original complaint, because that is the complaint to which they're trying to show relation back. And what we're saying is they can't show relation back because they – they filed a complaint within the limitations period, and then they had 90 days or more time if they asked for it to serve, and they did not satisfy that. It was – February 19th was the end of their 90-day period for service. We alerted them a week or so later. Was that wholly fortuitous? I wasn't – I wasn't – I wasn't counsel, but I don't think there's any reason to believe it wasn't. Again, if we really wanted to sandbag them, we just would have said nothing and waited for them to move for a default. This was maybe not as helpful an email as you can imagine, but it was a helpful email, and I don't think it's fair to look at it in retrospect and say – they could very easily have responded to that by saying, oh, my goodness, we didn't sign the summons. Let's look. Are we still within time? We're not. Let's ask for more time. All right. And they didn't. Thank you very much. We ask that the judgment be affirmed. Thank you. Sir. So what is your understanding of the state of the law about what – what happened under Rule 4 with regard to an unsigned summons? My understanding is that under an unsigned summons, I don't know what the – what the law is regarding an unsigned. Is there any Ninth Circuit law? I am unaware of any. And I checked – I did – There's a lot of district court law, which essentially, as I understand it, says – or some of it says that we'll quash the summons, but I'll dismiss the case, and you can – That's correct. But is there a Ninth Circuit case? I didn't find any. Your Honors, we're talking about the government giving us – or letting us know that there was a properly executed summons. That's at – the record at page 82. I'm sorry. That's the government's email? That's the government's email. It says, if you serve us with a properly executed summons, we will respond to the complaint within 60 days from service. And then what happened? And then you – And then we sent them an amended complaint, I think, two days later. Well, you sent – I'm sorry. An amended – we sent them with a properly executed summons two days later. So your view is you did exactly what they asked you to, is to properly execute summons, and they said, ah, but it wasn't really service. Correct. Because it was untimely. Correct. Counsel mentioned, you know, we could – they could have moved under 12b-4, but the record is clear in this case. This was a 12b-1 motion, okay? They could have moved under 12. Why does 12b-4 have to do with it? She had mentioned in her argument that at least that's what I understood. I thought she said rule 4, but maybe I misinterpreted it. Okay. No, there is a 12b-4. And in her argument, she also brought up, hey, how does the government know that there's actually a lawsuit? It knows that because there's a case number. There's a case number on the summons. And – and – Well – A sophisticated – She's saying that somebody could have made it up. And a sophisticated party, such as the U.S. Attorney's Office, which has easy access to ECF, could look and see, hey, does the case number that's on this summons, is there an actual case, and does the case name match up to the caption that's on the complaint? And even the U.S. Supreme Court case that counsel cited from about what is process, it talks about legally sufficient process. And we would argue that here, because it gave the United States notice of a lawsuit, that it is – it fit the purpose for what a summons is supposed to do, and therefore it is legally sufficient. I'm sorry. And what – what rule or document were you quoting for the words legally sufficient? Oh, counsel had – had cited to a U.S. Supreme Court case. Oh, just from – from that. Okay. From that case. So that's where the language is from. Thank you. Correct. And we would say it is legally sufficient because it served the purpose for which a summons does. And if there are no more questions, I would submit. Thank you very much. Thank you, both of you. Thank you very much. The case of Silbel v. Chau is submitted, and we are adjourned. Thank you.
judges: Boggs, Berzon, Watford